UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

STANISLAW BIALAS,

   Plaintiff,

      v.

ALLIANCE HOSPITALITY MANAGEMENT, LLC,

   Defendant.

Case No. 12-cv-772-JPG-scw

**MEMORANDUM AND ORDER**

This matter comes before the Court on a variety of motions.

**I.   Motion to Amend/Correct (Doc. 20)**

Plaintiff Stanislaw Bialas asks the Court to allow him to amend his complaint to change his prayer for relief to allege damages of less than $75,000. Defendant Alliance Hospitality Management, LLC ("Alliance") has no objection to the amendment.

Because the time for amendment as a matter of right has passed, whether the plaintiff should be allowed to amend his complaint is governed by Federal Rule of Civil Procedure 15(a)(2). Rule 15(a)(2) provides that a plaintiff may amend his pleading only with the opposing party's written consent or leave of court, which the Court should freely give when justice requires. Although the text of the rule has changed in recent years, the rule still "reflects a policy that cases should generally be decided on the merits and not on the basis of technicalities." *McCarthy v. Painewebber, Inc.*, 127 F.R.D. 130, 132 (N.D. Ill. 1989); *see Diersen v. Chi. Car Exch.*, 110 F.3d 481, 489 (7th Cir. 1997); *Woods v. Ind. Univ.-Purdue Univ.*, 996 F.2d 880, 883 (7th Cir. 1993). Generally, the decision whether to grant a party leave to amend the pleadings is a matter left to the discretion of the district court. *Orix Credit Alliance v. Taylor Mach. Works*, 125 F.3d 468, 480 (7th Cir. 1997); *Sanders v. Venture Stores*, 56 F.3d 771, 773 (7th Cir. 1995). A court should

allow amendment of a pleading except where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment. *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) (citing *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007)).

In light of the lack of objection by Alliance to Bialas's proposed amendment, the Court will allow the amended pleading. Accordingly, the Court **GRANTS** the motion for leave to amend (Doc. 20) and **ORDERS** that Bialas shall have seven days from the entry of this order to electronically file his amended complaint.

## II.     Motion to Remand (Doc. 21)

Bialas asks the Court to remand this case to the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, in light of his forthcoming amended pleading. The amended complaint will ask for less than $75,000, exclusive of interest and costs, the minimal amount in controversy required to support original federal diversity jurisdiction, the jurisdictional basis for Alliance's removal of this case. *See* 28 U.S.C. § 1332(a); 28 U.S.C. § 1441(a). In response (Doc. 24), Alliance does not object to this request so long as the Court allows the amended pleading.

There is no basis for remanding this case to state court despite the parties' apparent agreement that the Court should do so. In removal cases based on diversity jurisdiction, the amount in controversy is determined based on the plaintiff's complaint *at the time the notice of removal is filed*. *Gould v. Artisoft, Inc.*, 1 F.3d 544, 547 (7th Cir. 1993); *see* 16 James Wm. Moore, Moore's Federal Practice § 107.14[2][g][ii] (3d ed.). In this case, that amount was

satisfied at the time of removal; the complaint alleges wrongful discharge and defamation and seeks compensatory and punitive damages.   These amounts could easily exceed $75,000.

Post-removal events to reduce the amount in controversy do not negate the establishment of a jurisdictionally sufficient amount at the time of removal.   *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289-90 (1938);   *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 816 (7th Cir. 2006).   Thus, even if the plaintiff makes an irrevocable promise after the case is removed not to accept more than the jurisdictional minimum, the Court would not be justified in remanding the case if federal jurisdiction existed at the time of removal.   *St. Paul*, 303 U.S. at 292-93; *Rising-Moore*, 435 F.3d at 816;   *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992) (*per curiam*).   He may, however, prevent removal by filing a binding stipulation or affidavit *prior to* removal, *Back Doctors Ltd. v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 831 (7th Cir. 2011) (citing *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006);   *Shell*, 970 F.2d at 356), but Bialas has not done this.

Even if Bialas had altered his prayer for relief prior to Alliance's removal, remand would still not be proper.   Merely limiting a prayer for relief does not lower the amount in controversy because, under both federal and Illinois rules, a prayer for relief does not limit the awardable relief. *See* Fed. R. Civ. P. 54(c) ("Every . . . final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings");   735 ILCS 5/2–604 ("the prayer for relief does not limit the relief obtainable").   As noted above, only a binding stipulation will do.

For these reasons, the Court **DENIES** Bialas's motion to remand (Doc. 21).

### III.   Motion to Dismiss Count II (Doc. 22)

This motion is superseded by Bialas's requests in his later-filed motion to dismiss both Counts I and II (Doc. 29).   The Court therefore **DENIES without prejudice** this motion to dismiss (Doc. 22) **as moot** in light of the later motion.

### IV.   Motion for Leave to File a Motion under Federal Rule of Civil Procedure 41 (Doc. 28)

There is no need to obtain leave to file a motion to dismiss pursuant to Rule 41. Accordingly, the motion for leave (Doc. 28) is **DENIED as moot.**   The Court will consider Bialas's Rule 41 motion to dismiss (Doc. 29) in due course.

### V.   Motion to Dismiss Counts I and II (Doc. 29)

Bialas asks the Court to dismiss this case without prejudice pursuant to Rule 41(a)(2). Rule 41(a)(2) provides that only the Court may dismiss an action after an adverse party has filed an answer or motion for summary judgment and in the absence of a stipulation of dismissal of an entire case signed by all the parties.   Pursuant to Local Rule 7.1(c), Alliance has 30 days to respond to the motion.   The Court **RESERVES RULING** on this motion to dismiss (Doc. 29) pending a response from Alliance or the expiration of the response period.

**IT IS SO ORDERED.**
**DATED: January 28, 2013**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**